The opinion of the court was delivered by
Tilghman, C. J.
The plaintiff obtained judgment against the defendant in the Court of Common Pleas, which was affirmed in this court on a writ of error. It is made a question whether the plaintiff in error has a right to charge interest on the amount of the judgment in the Common Pleas, from its date until its affirmance in this court, and after the affirmance to charge interest on the sum which was the amount both of the judgment in the Common Pleas *389 and the interest,on it till its affirmance; in other words, whether the aggregate composed of the amount of the- judgment in the Common Pleas and interest on it, till its affirmance in this court, was to be considered as a principal, bearing interest from the date of the affirmance. Interest is, in general, a legal incident of every judgment in this state. The'.law was so declared in Fitzgerald, v. Caldwell’s Executors, 4 Dall. 252; and in Fries v. Watson, 5 Sergt. & Rawle, 220, it was decided, that where a judgment has been several times revived by scire facias, the plaintiff has aright to charge interest on the aggregate amount of principal, and interest due at the time of rendering judgment on each scire facias ; upon the same principle, he has a right to charge interest on the aggregate amount of a judgment in Common Pleas, and the inte-, rest on it to the time of its affirmance on a writ of error. If it be said, that on a writ of error the judgment which was given below is affirmed in this court, with costs and nothing more, the same remark is applicable to the case of a scire facias, where the judgment is no more than-an award of execution on the original judgment. But as our act of assembly gives interest on every judgment, we have held, that whenever a judgment is given, it is understood that interest on any former judgment in the same action, is to- be charged; and this is doing no more than justice to the plaintiff in error. He, is sufficiently injured by the expense, vexation, and delay, of the writ of error. Indeed, it is to be regretted, that this court has it not in its.power, to award him a more adequate satisfaction. It is not denied, that the judgment in the Common Pleas bears interest from its date. But the complaint is, of the interest charged on the aggregate amount from the time of the affirmance. If the defendant in error would do justice, by paying what is due, immediately after the affirmance, he would avoid any charge of interest on the aggregate. But if he will not do justice, he has no cause of complaint if he is charged with interest on the whole sum which he ought to have paid. It has also been made a question whether interest is chargeable on the costs of suit. The custom of Pennsylvania is singular with regard-to costs. With the exception of some particular writs, it has not been the practice to pay the pro- ' thonotary’s costs, till the action.is ended. And when it is ended; if the judgment be for the plaintiff, it has been usual to look for the costs in the first instance to the defendant against whom the judgment was rendered; but if not to be had of him, resort is had to the plaintiff. The law on this subject will be found in the case of Lyon v. M‘Manus, 4 Bin. 172. I think, therefore, that the plaintiff should not charge interest on the costs, unless he has paid them, and then'only from the time of payment. As this case was submitted to the court without argument, I know not whether it is the desire of the parties that a formal judgment should be given. If it be, it will be entered according to the principle I have mentioned.